UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| DANIEL J., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00810-HGD |
| ) | |
| FLORENCE CITY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

This matter is before the undersigned U.S. Magistrate Judge based on the consent of the parties pursuant to 28 U.S.C. § 636(c).  Defendant, Florence City Board of Education (Board), has filed a Motion to Dismiss (Doc. 12) the amended complaint (Doc. 5) of plaintiffs, Daniel J. and Abbe J., individually and as next friends of their minor child, M.J.  The matter is now ready for disposition.

**I.      Factual Background**

The facts leading up to this litigation are not in dispute.  M.J. is the minor child of Daniel J. and Abbe J. and suffers from muscular dystrophy.  According to plaintiffs, muscular dystrophy substantially limits her in several major life activities, including walking, writing and performing manual tasks.

Daniel J. is employed as a teacher by defendant and has been since 2009. Since at least 2011, the Board has had an admissions policy that generally allows all school-age children who do not reside within the corporate limits of the City of Florence to apply for enrollment within the Florence City School District. Applications are considered on a "first-come, first-served" basis with priority given to a student who was enrolled in the Florence City Schools the previous year, has a sibling enrolled at the requested school, or has a parent or legal guardian employed by Florence City Schools.

The application for enrollment also contains questions designed to elicit information on whether a potential student has disabilities and/or is in need of special education services. Daniel and Abbe J. indicated on the application for enrollment that M.J. did have a disability. They assert that she meets the definition of a qualified handicapped person under both § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (§ 504), pursuant to 34 C.F.R. § 104.3(l)(4), and under the Americans with Disabilities Act, as amended (ADA), 42 U.S.C. § 12101, *et seq.*, pursuant to 28 C.F.R. § 35.104.

By letter dated June 19, 2012, Dr. Janet Womack, Superintendent of the Florence City School Board, informed plaintiffs that M.J. was being denied enrollment due to lack of program space, staff and/or support services, based on the

fact that they had "designated on the enrollment [request form] that [their] child receives special education services." Plaintiffs have another child, J.J., who was already enrolled in Florence City Schools and who, unlike plaintiff M.J., had been found eligible for special education and related services under the Individuals with Disabilities Education Act (IDEA). His enrollment was also terminated at this time.

According to the amended complaint, Daniel J. complained to other Board employees about M.J.'s exclusion from full participation in the Board's educational program, including that, as a child with a disability, M.J. was being denied equal access to the services provided to children without disabilities. It is alleged that other, non-disabled, out-of-district students with fewer "priority factors" than M.J. and/or whose applications were submitted after M.J.'s application were allowed to enroll in the Florence City Schools for the 2012-2013 school year.

As a result, plaintiffs allege that they were forced to move their residence to a home within the corporate limits of the City of Florence. In August 2012, the Board evaluated M.J. and found that she was eligible for a personalized education plan under § 504/ADA. She was not found eligible under the IDEA.

On or about June 18, 2014, plaintiffs requested a due process hearing under the IDEA, pursuant to 20 U.S.C. § 1415(1) which provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415. The subsections (f) and (g), referenced in the statute above, are the IDEA's due process hearing and appeal provisions. *See* 20 U.S.C. § 1415(f) and (g).

Plaintiffs state that, although M.J. was not eligible for services under the IDEA or seeking eligibility under that act, because her claims related to the receipt of educational services from the Board, they attempted to exhaust administrative remedies under the IDEA before pursuing her claims in federal court. They believe this exhaustion of remedies was a prerequisite to bringing their ADA and § 504 Rehabilitation Act claims against the defendant.

On March 25, 2015, the Hearing Officer issued an order in which he found that he lacked subject-matter jurisdiction over the plaintiffs' claims and that the relief requested was not available under the IDEA. As a result, he dismissed plaintiffs' IDEA complaint and found that plaintiffs had exhausted their administrative remedies, to the extent possible, under the IDEA. Plaintiffs subsequently filed this

lawsuit on May 15, 2015. (Doc. 1). Their amended complaint was filed May 29, 2015.

## II. Motion to Dismiss

In its Motion to Dismiss, defendant contends that the amended complaint is due to be dismissed because it fails to state a claim upon which relief can be granted because all of plaintiffs' claims are time-barred. It also asserts that the plaintiffs lack standing for declaratory and injunctive relief because there is no threat of future harm and because a favorable decision would not redress the harm of which they complain. This is because plaintiffs have moved within the corporate limits of Florence, and M.J. attends a Board school. (Doc. 13, Brief in Support of Motion to Dismiss).

## III. Discussion

### A. Statute of Limitations

Plaintiffs filed their lawsuit on May 15, 2015. This was approximately one month shy of three years from the letter dated June 19, 2012, denying their request for out-of-district enrollment. It is not disputed that a two-year statute of limitations applies to actions in Alabama under § 504 and the ADA. Plaintiffs, however, assert that the statutes of limitation for these claims were tolled during the time that they sought exhaustion under the IDEA, which they state was a prerequisite to bringing their § 504 and ADA claims on behalf of M.J. Thus, according to plaintiffs, the

statutes of limitations were tolled when they requested an IDEA due process hearing on June 18, 2014, which falls within the two-year period applicable.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (internal quotation marks omitted).

Where congressional intent *not* to require exhaustion is clear, there is no tolling of the statute of limitations. *Black v. Broward Empl. and Training Admin.*, 846 F.2d

1311, 1314 (11th Cir. 1988).  Thus, the question presented is whether exhaustion under the IDEA was a prerequisite to plaintiffs' § 504 and ADA claims.

Plaintiffs assert in their amended complaint that, although M.J. was not eligible for services or seeking services under the IDEA, they sought administrative exhaustion under the IDEA "because her [M.J.'s] claims (and her parents corresponding claims) related to her receipt of educational services from the Board." (Doc. 5, Amended Complaint, at ¶ 33).  However, 20 U.S.C. § 1415(l) requires that § 504 and/or ADA claims be exhausted under the IDEA *only* if they are seeking relief that is *also available* under the IDEA.  *Compare Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987) ("[W]hen parents choose to file suit under another law that protects the rights of handicapped children—and the suit *could have been filed* under the [IDEA]—they are first required to exhaust the [IDEA]'s remedies to the same extent as if the suit had been filed originally under the [IDEA]'s provisions.") (emphasis added) *with J.V. ex rel. Ortiz v. Seminole County Sch. Bd.*, 2005 WL 1243756, at *2 (M.D.Fla. May 25, 2005) (holding that there is no IDEA exhaustion requirement in autistic student's § 1983 suit against school system where student was not claiming the Board denied him "a free and appropriate public education" but, rather, violated his due process rights by tacitly approving a teacher's use of excessive force).

Thus, the issue boils down to whether plaintiffs' § 504 and ADA claims seek relief that is also available under the IDEA.  Claims asserted under § 504 and/or the ADA are subject to § 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under § 504 and/or the ADA.  *Babicz v. Sch. Bd. of Broward County*, 135 F.3d 1420, 1422 (11th Cir. 1998).  The IDEA's broad complaint provision affords the "opportunity to present complaints with respect to *any* matter *relating* to the identification, evaluation, or educational placement of the child, or the provision of a [free and appropriate public education] to such child." *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006) (quoting 20 U.S.C. § 1415(b)(6)) (emphasis in original).

The IDEA seeks to provide a "free appropriate public education" (FAPE) to students qualifying for special education and related services under one of IDEA's 13 eligibility classifications.  20 U.S.C. § 1401(3) & (9).  The categories covered include a child:

> (i) with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this chapter as "emotional disturbance"), *orthopedic impairments*, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and

(ii) who, by reason thereof, needs *special education and related services*.

20 U.S.C.A. § 1401(3)(A) (emphasis added).

Section 504 of the Rehabilitation Act, on the other hand, is anti-discrimination legislation aimed at providing federally-financed services to individuals with disabilities. 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Section 504 applies to all public schools that receive federal financial assistance. *Id*. at § 794(b)(2).

While IDEA recognizes 13 categories of disability, § 504 defines individuals with disabilities to include anyone with a condition that substantially limits a major life activity, as well as those with a history of disability and those perceived to have a disability. *Id.* at § 705(20). *See Laura A. v. Limestone County Bd. of Educ*., 610 Fed. Appx. 835, 836 (11th Cir. 2015) (unpublished).

In their amended complaint, plaintiffs allege that M.J. was denied enrollment in Florence City Schools "due to lack of program space, staff and/or support services since [plaintiffs] designated on the enrollment form that [M.J.] receives *special education services*." (Doc. 5, Amended Complaint, at ¶ 22) (emphasis added). They

further complain that other non-disabled students with fewer priority factors were allowed to enroll in Florence City Schools. (*Id.* at ¶25). Thus, the gist of their complaint is that M.J. was not allowed to enroll because she had a disability while others without disabilities were not denied enrollment. Another way of looking at it is that M.J. was denied enrollment because of the possibility that she might need IDEA special education or related services.

Subsequently, M.J. and family moved into the City of Florence, and she was enrolled in school there. Evaluation by the Board reflected that her muscular dystrophy made her eligible for a personalized education plan under § 504/ADA, but M.J. has not been found eligible for services under IDEA. Thus, although M.J. was subsequently found not to need IDEA services, it cannot be said that the Florence City Board of Education's initial exclusion of her based on her disability was unrelated to "any matter relating to the identification, evaluation, or educational placement of [M.J.], or the provision of a [FAPE] to [M.J.]" under the IDEA. 20 U.S.C. § 1415(b)(6). The fact that the parents now concede that M.J. is not eligible for IDEA services and that they do not seek relief under IDEA does not mean that her exclusion from enrollment as an out-of-district student was unrelated to the IDEA. While this is an incredibly close call, the Court chooses to err on the side of caution with regard to defendant's motion to dismiss. Therefore, the Court finds that the

statute of limitations was tolled while plaintiff sought exhaustion under the IDEA. As a result, defendant's motion to dismiss on the basis of the statute of limitations is due to be and hereby is DENIED.

> **B.  Declaratory and Injunctive Relief**

Pursuant to Rule 201, Fed.R.Evid., the Court takes judicial notice of the complaint in *J., et al. v. Florence City Board of Education*, Case No. 3:16-cv-01386-MHH.  The complaint in that action alleges that Daniel J. and Abbe J. are now residents of the State of Texas.  (Doc. 1, Case No. 3:16-cv-01386-MHH, at ¶¶ 4, 5). Defendant contends that plaintiffs lack standing to pursue any claims for declaratory and injunctive relief and such claims have been rendered moot by M.J.'s enrollment in Florence City Schools.  Certainly, the same argument can be made based on the family's move from Alabama to Texas.

The amended complaint in this action seeks declaratory and injunctive relief, including an order finding that defendant's out-of-district transfer policy violates federal law and "requiring Defendant to make modifications to its admissions policy and procedures to ensure that the policy fully complies with the nondiscrimination requirements contained in § 504 and Title II and is enforced in compliance with these statutes."  (Doc. 5, Amended Complaint, Prayer for Relief at ¶¶ 1-2).

Standing is a requirement for federal court jurisdiction as part of the "case or controversy" requirement under Article III of the United States Constitution. *See Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). To establish standing, the party invoking federal jurisdiction bears the burden of establishing three elements: (1) injury in fact, *i.e.* the invasion of a legally protected interest that is concrete and particularized or actual or imminent; (2) the injury has to be fairly traceable to the challenged action of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 560-61. Defendant contends plaintiffs have not alleged sufficient facts to satisfy the injury-in-fact requirement and the redressability elements for standing.

First, "to have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

Plaintiffs in this case cannot allege that M.J. is likely to be subjected to an allegedly discriminatory out-of-district admissions policy again.  After the allegedly discriminatory denial of M.J.'s out-of-district enrollment, plaintiffs moved within the corporate limits of the City of Florence so they could attend a Board school.  (Doc. 5, ¶ 27).  Now, plaintiffs have moved to Texas.

Second, to have standing a plaintiff must show "a substantial likelihood that the relief requested will redress the injury claimed." *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 75 n.20, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978).  In *Ms. H. v. Montgomery County Bd. of Educ.*, 784 F.Supp.2d 1247, 1257-58 (M.D.Ala. 2011), the plaintiff sought a declaratory judgment that a school board's policies for complying with § 504 were in violation of federal law and an injunction requiring the school board to revise its policies. *Id.* at 1256-57.  The court found that, because the court could not rule on the plaintiff's claims before she graduated from high school and left the school system, the plaintiff lacked standing because a favorable ruling would not redress the allegedly inadequate § 504 procedures. *Id.* at 1257-58.

Plaintiffs have argued that their claims are "capable of repetition yet evading review" because "similar harm to M.J. could occur upon the J. Family's return to out of district housing near the Florence City School District." (Doc. 22, Plaintiffs' Brief,

at 19 n.10). However, now that the family has moved to an entirely different state, rather than just to out-of-district housing, that argument fails. Plaintiffs also ask that if the court finds they lack standing, they be allowed to amend their complaint to add allegations regarding their request for prospective relief. This request was made before the family moved to Texas, and the Court finds that absent an allegation that the family intends to return to northwest Alabama while M.J. is still in elementary school, no amendment to the complaint will cure the defect.

Therefore, defendant's motion to dismiss plaintiffs' claims for injunctive relief is due to be and hereby is GRANTED, and such claims are DISMISSED WITH PREJUDICE. Defendant shall file its answer to plaintiffs' amended complaint within fourteen (14) days from the date of entry of this order.

DONE and ORDERED this 14th day of September, 2016.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE